UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHANE JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:20-cv-00569-JPH-MJD |
| JOHN PLASSE, et al. | ) ) ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING ISSUANCE OF PROCESS**

Plaintiff Shane Johnson filed this 42 U.S.C. § 1983 action alleging that conditions at the Vigo County Jail violate his constitutional rights.

### I.      Screening Standard

Because Mr. Johnson is a prisoner, the Court must screen his complaint, dismissing claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)−(c). In determining whether a complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

1

## II.     The Complaint

The complaint names two defendants: (1) John Plasse, the Vigo County Sheriff, and (2) the Vigo County Jail.

In his complaint, Mr. Johnson alleges that the Vigo County Jail is overcrowded, that his cell is dirty, that he is forced to sleep on the moldy floor, that staff do not provide cleaning supplies, that his food is not properly cooked, that he is not allowed to sit at a table to eat or write, and that he does not have sufficient clean clothes.

Mr. Johnson seeks damages and for the Vigo County Jail to take responsibility for its problems.

## III.     Discussion

Mr. Johnson's claim against Sheriff Plasse **SHALL PROCEED**. The complaint does not clarify whether Mr. Johnson is a pretrial detainee or convicted offender. If he is a pretrial detainee, his claim shall proceed under the Fourteenth Amendment. *See McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018) (noting that pre-trial detainees are not being punished and therefore conditions of confinement claims arise under the Fourteenth Amendment). If he is a convicted offender, his claim shall proceed under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Mr. Johnson's claim against the Vigo County Jail is **DISMISSED** for failure to state a claim upon which relief can be granted. In Indiana, a county jail is not a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). The **clerk is directed** to terminate the Vigo County Jail as a defendant on the docket.

### IV. Issuance and Service of Process

The **clerk is directed** to issue service to defendant John Plasse. *See* Fed. R. Civ. P. 4(c)(3), 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 1/19/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHANE JOHNSON
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47807

John Plasse
Sheriff
Vigo County Jail
201 Cherry Street
Terre Haute, IN 47807